UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA,

        -against-

ALEXIS GOMEZ

        Defendant
------------------------------------X

09 Cr. 408

OPINION

A P P E A R A N C E S:

    Attorney for the Government

    PREET BHARARA
    United States Attorney for the
        Southern District of New York
    One St. Andrew's Plaza
    New York, NY 10007
    By: Jessica Ortiz, Esq.

    Attorneys for Defendants

    FEDERAL DEFENDERS OF NEW YORK
    52 Duane Street, 10th Floor
    New York, NY 10007
    By: Roland Thau, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/10

**Sweet, D.J.**

Defendant Alexis Gomez ("Gomez" or the "Defendant") has moved for reconsideration of the November 19, 2009 denial of his motion to suppress the gun seized from his person following his arrest by police officers in Mullaly Park in the Bronx, New York, on February 2, 2009, on the grounds that the arrest was without probable cause or reasonable suspicion on charges of trespass.

Upon the facts and conclusions set forth below, Gomez's motion for reconsideration is granted, and his motion to suppress is granted.

**I. DISCUSSION**

Familiarity with the prior proceedings and the facts of this case are assumed.

**A. Legal Standard for Reconsideration**

"Pursuant to Local Civil Rule 6.3, a party seeking reconsideration must demonstrate that the Court overlooked controlling decisions or factual matters that

1

might materially have influenced its earlier decision." Nat'l Cong. for Puerto Rican Rights v. City of New York, 191 F.R.D. 52, 53 (S.D.N.Y. 1999) (internal quotations omitted); see also Borochoff v. GlaxoSmithKline PLC, 07 Civ. 5574 (LLS), 2008 WL 3466400, at *1 (S.D.N.Y. Aug. 12, 2008) ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992))).

### B.  Grounds for Reasonable Suspicion that Gomez Was Violating Trespassing Statutes Are Insufficient

Defendant moved for reconsideration on the ground that the denial of his motion to suppress was inconsistent with photographic and video exhibits offered by the Defendant.

Upon reviewing these exhibits, which show the signage near and configuration of the entrances to Mullaly Park (the "Park"), it appears that the signs do not provide sufficient notice of the Park's closing time such that the Officers who stopped Gomez had reasonable suspicion, let

2

alone probable cause, to believe he was in violation of trespassing laws.

The provisions of the New York Penal Law which govern trespass require that it be done "knowingly." See NYPL §§ 140.05, 140.10, 140.15. Knowledge of the trespass is assumed if "notice [of the trespass] is given by posting in a conspicuous manner." NYPL § 140.00. Additionally, in order to be guilty of criminal trespass in the third degree, under NYPL § 140.10, the area trespassed upon must be "fenced or otherwise enclosed in a manner designed to exclude intruders."

On one side of each entrance to the Park, posted immediately next to a large brick turret which borders the entrance, is a sign indicating the rules governing use of the Park and the hours during which it is open.[1] If a person approaches the entrance from the side without the sign, the sign is practically invisible, even in well-lit conditions, hidden by the turret on the opposite side of the entrance, or obscured by the angle of the fence. Because of their positioning, it would be easy for a person

---

[1] It appears from the video that there is one entrance on one side of the Park without a sign posted near it at all.

3

to enter the Park without seeing the signs at all. Therefore, the signs cannot be said to provide "conspicuous" notice, nor is it reasonable to impute knowledge of the signs' existence, let alone their contents, to a person walking through the Park. Additionally, the entrances to the park are wide and unobscured, and are not constructed so as to exclude intruders or to indicate times when the Park is off-limits.

In light of the particular design of the entrances to the Park and the placement of the signs, there was not reasonable suspicion to believe that Gomez was in violation of a trespass statute, and therefore the search of his person that recovered the gun was unfounded.

## II. CONCLUSION

For the foregoing reasons, the November 19, 2009 opinion denying Gomez's motion to suppress is vacated, the motion to reconsider is granted, and the seized firearm is suppressed.

It is so ordered.

New York, NY
February 8, 2010

ROBERT W. SWEET
U.S.D.J.

5